**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| Rohan Walters, | : | |
| | : | Civil Action No. 16-1480(RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| Mark Kirby, | : | |
| | : | |
| Respondent. | : | |

**BUMB**, District Judge

This matter comes before the Court upon Petitioner's submission of a petition under 28 U.S.C. § 2241. (Pet., ECF No. 1.) The Court must review the petition and dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to cases filed under 28 U.S.C. § 2241 pursuant to Rule 1, the scope of the Rules.

I.   BACKGROUND

Petitioner is a federal inmate confined at the Federal Correctional Institution in Fairton, New Jersey. He is imprisoned upon conviction in the United States District Court

for the Southern District of West Virginia, for conspiracy to possess with intent to distribute marijuana, 21 U.S.C. § 846, possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1), conspiracy to launder money instruments, 21 U.S.C. § 1956(a) and (h), conducting a financial transaction to promote a specified unlawful activity, 18 U.S.C. § 1956(a)(1)(B)(1), and making a false statement in an application for a passport, 18 U.S.C. § 1542. (Pet. ¶7); U.S. v. Walters, 191 F.3d 449 (table), 1999 WL 713905 (4th Cir. 1999) (per curiam).[1] Petitioner was sentenced to 405-months of imprisonment. Id. His direct appeal was denied by the Fourth Circuit Court of Appeals on September 14, 1999. Id.

Petitioner timely filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 in the sentencing court. Walters v. U.S., No. Civ.A. 2:00-0878, 2001 WL 34554185 (S.D.W.Va. June 1, 2001). He alleged six grounds for relief, including whether his sentence exceeded the statutory maximum allowed by law under Apprendi v. New Jersey, 530 U.S. 466 (2000). Id. at *2. The sentencing court denied the motion, the Fourth Circuit dismissed the appeal, and the United States Supreme Court denied certification. Id., U.S. v. Walters, 21 F.

---

[1] The Court takes judicial notice of Walters' appeal and other challenges to his conviction and sentence as matters of public record. See Fed. R. Evid. 201(a), (b) and (d) (at any stage of the proceeding, a court may judicially notice a fact this is not subject to reasonable dispute).

2

Appx. 225 (4th Cir. 2001)(per curiam) cert. denied 537 U.S. 893 (2002).

On July 12, 2004, Petitioner filed a motion for modification or reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), but the motion was denied, as was his appeal. Walters v. Copenhaver, No. 1:12-cv-01174-DLB(HC), 2012 WL 3288545 at *1 (E.D. Ca. Aug. 10, 2012) (citing United States v. Walters, No. 06-6617 (4th Cir. Jan. 18, 2007). Then, on May 28, 2009, Petitioner filed a petition for writ of audita querela pursuant to 28 U.S.C. § 1651. Id. (citing Walters v. United States, No. 2:09-cv-589 (S.D.W.Va.)) This petition was denied on August 21, 1999. Id. On November 21, 2011, Petitioner filed a motion for authorization to file a second or successive application for relief under 28 U.S.C. § 2255 in the Fourth Circuit Court of Appeals. Id. (citing In re Walters, No. 11-298 (4th Cir. 2011)). The petition was denied. Id.

Next, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in his district of confinement, alleging he was actually innocent of the money laundering charge based on the U.S. Supreme Court decision in United States v. Santos, 553 U.S. 507 (2008). Walters, 2012 WL 3288545 at *1. The District Court for the Eastern District of California dismissed the petition for lack of jurisdiction, holding that the claim should

have been brought before the sentencing court under 28 U.S.C. § 2255. Id. at *3.

In the Petition at bar, Petitioner asserts that "according to [the] Supreme Court ruling in Burrage v. United States[,] 571 U.S. 134 (2014), that interpreted the Federal Statute 21 U.S.C. § 841(a)(1) [Petitioner] is actually innocent of conviction on Sentence based on drug finding by Judge an[d] not jury that increased statutory minimum in violation of 841(b)(1)(c)." (Pet., ¶6.)

II. DISCUSSION

The presumptive means for a federal prisoner to challenge the legality of his conviction or sentence, once the conviction is final, is through a motion filed pursuant to 28 U.S.C. § 2255. Okereke v. U.S., 307 F.3d 117, 120 (3d Cir. 2002). 28 U.S.C. § 2255(e) contains a savings clause applicable to cases where a § 2255 motion would be "inadequate or ineffective." The fact that a petitioner cannot meet the stringent gatekeeping requirements of § 2255 does not show the inadequacy of the remedy. McCullough v. U.S., 501 F. App'x 115, 117 (3d Cir. Oct. 17, 2012)(per curiam).

It is a rare case when the savings clause applies. Massey v. U.S., 581 F.3d 172, 174, n.1 (3d Cir. 2009)(appropriate use of the § 2255 savings clause is rare). At present, the Third Circuit Court of Appeals has found that a § 2241 petition

4

qualifies for the § 2255(e) exception "only where the conduct that forms the basis for the conviction has since been deemed non-criminal by an intervening Supreme Court decision that was unavailable on appeal or during § 2255 proceedings." Upshaw v. Warden Lewisburg USP, 2016 WL 611476, at *1 (3rd Cir. Feb. 16, 2016) (citing In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997).

Here, Petitioner contends that the basis for his sentencing enhancement has been deemed in violation of 21 U.S.C. § 841(b)(1)(c) by the Supreme Court in Burrage. The savings clause in § 2255(e) does not allow a Petitioner to bring a petition under 28 U.S.C. § 2241 to raise the argument that "the 'death results' penalty enhancement [of § 841(b)(1)(c)] is an element that must be submitted to the jury and found beyond a reasonable doubt." Upshaw, 2016 WL 611476, at *2 (the holdings in Alleyne v. United States, 133 S.Ct. 2151 (2013) and Burrage, 134 S.Ct. at 887 are extensions of Apprendi, 530 U.S. 466 (2000), and § 2241 petitions may not be used to raise sentencing challenges under these cases). Petitioner may not use a § 2241 petition to challenge his sentencing enhancement under Burrage.

III. CONCLUSION

In the accompanying Order filed herewith, the Court will dismiss the petition for lack of jurisdiction.

                                                   s/RENÉE MARIE BUMB
                                                   **RENÉE MARIE BUMB**
                                                   **United States District Judge**

**Dated: May 12, 2016**