**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY


                                  :
ROHAN WALTERS,                    :
                                  :    Civil Action No. 16-1480(RMB)
             Petitioner,          :
                                  :
       v.                         :    OPINION
                                  :
MARK KIRBY,                       :
                                  :
             Respondent.          :
                                  :
```

**BUMB**, District Judge

This matter comes before the Court upon Petitioner's motion for reconsideration of this Court's opinion and order dismissing his petition under 28 U.S.C. § 2241. (Mot. for Reconsideration, ECF No. 4.) For the reasons explained below, the Court will deny reconsideration.

I.   BACKGROUND

Petitioner is a federal inmate confined at the Federal Correctional Institution in Fairton, New Jersey. (Pet., ECF No. 1.) In his petition, Petitioner asserted that "according to [the] Supreme Court ruling in Burrage v. United States[,] 571 U.S. 134 (2014), that interpreted the Federal Statute 21 U.S.C. § 841(a)(1) [Petitioner] is actually innocent of conviction on Sentence based

on drug finding by Judge an[d] not jury that increased statutory minimum in violation of 841(b)(1)(c)." (Pet., ¶6.)

This Court dismissed the petition for lack of jurisdiction, explaining:

> The savings clause in § 2255(e) does not allow a Petitioner to bring a petition under 28 U.S.C. § 2241 to raise the argument that "the 'death results' penalty enhancement [of § 841(b)(1)(c)] is an element that must be submitted to the jury and found beyond a reasonable doubt." Upshaw, 2016 WL 611476, at *2 (the holdings in Alleyne v. United States, 133 S.Ct. 2151 (2013) and Burrage, 134 S.Ct. at 887 are extensions of Apprendi, 530 U.S. 466 (2000), and § 2241 petitions may not be used to raise sentencing challenges under these cases).

(Opinion, ECF No. 2 at 5; Order, ECF No. 3.) Petitioner's motion for reconsideration expresses his disagreement with the Court's holding that the savings clause of 28 U.S.C. § 2255 does not permit him to challenge a sentencing enhancement in a § 2241 petition.

II.  DISCUSSION

> A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Johnson v. Diamond State Port Corp., 50 F. App'x 554, 560 (3d Cir. 2002) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Petitioner's motion suggests an error of law.

2

However, this Court relied on a Third Circuit Court of Appeals case in finding that the Supreme Court's decision in Burrage does not fall within the parameters of the Dorsainvil exception, which allows a prisoner to bring such a claim in a petition under 28 U.S.C. § 2241. Petitioner has not pointed to any intervening change in controlling law that would change the result of this Court's holding that it lacks jurisdiction over Petitioner's § 2241 petition.

III. CONCLUSION

In the accompanying Order filed herewith, the Court will deny Petitioner's motion for reconsideration.

**Dated:  June 30, 2016**

s/RENÉE MARIE BUMB
**RENÉE MARIE BUMB**
**United States District Judge**
